Dear Dr. Traylor:
This office is in receipt of your request for an opinion of the Attorney General in regard to the necessity of contacting you, as the coroner, directly in all matters pertaining to the coroner's office. You indicate you have developed a procedure designating two of your personnel to be called initially in case of deaths, substance abuse or requests for protective custody orders with the directive as to the procedure to contact you directly if these individuals, who are on call twenty-four hours per day, do not respond in a timely manner. However, there are some who insist on contacting you personally on every coroner's matter thereby prompting you to question whether the coroner must initially be contacted personally or whether the protocol you have prepared is acceptable.
In answer to your inquiry we respond on the basis that your established procedure requesting your assistants be initially contacted does not mean you are not subsequently contacted by them. As concluded in Atty. Gen. Op. Nos. 95-38 and 38A, there are instances when the coroner himself must act as in signing an order for protective custody.
Based on this premise, we would conclude the procedure you have established is acceptable.
While we recognize that some statutory provisions provide that the coroner "shall" perform certain designated duties (R.S.33:1563, C.Cr.P. Art 101), we feel that this must be read with the provisions of R.S. 33:1555 that gives the coroner authority to appoint assistants "to perform his duties", who must "possess the same qualifications as the coroner", and for which he will be responsible for their actions. By reading the statutes together, we must conclude that this permits him to have his assistants act in his behalf and permits him to request that they be initially contacted. We find this reasoning supported by jurisprudence established long ago, State v. Hopkins, 118 La. 99,42 So. 660 (1907); State v. Duffy, 39 La.Ann 42, 2 So. 184 (1887). In the latter case, which was relied upon inHopkins, the court reasoned that the object of an assistant was to have him act when the coroner himself was otherwise engaged.
Consequently, we find your established procedure is acceptable, but must caution, it does not have the force of law to mandate compliance by those seeking to contact your office.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
Date Received: July 3, 1996 Date Released:
BARBARA B. RUTLEDGE Assistant Attorney General